IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IP COMMUNICATION SOLUTIONS, LLC,<br><br>                Plaintiff,<br>v.<br><br>AT&T SERVICES, INC.<br><br>                Defendant. | C.A. No. 16-227-GMS |
| IP COMMUNICATION SOLUTIONS, LLC,<br><br>                Plaintiff,<br>v.<br><br>LINE2, INC.,<br><br>                Defendant. | C.A. No. 16-132-GMS |
| IP COMMUNICATION SOLUTIONS, LLC,<br><br>                Plaintiff,<br>v.<br><br>TANGOME, INC., d/b/a TANGO,<br><br>                Defendant. | C.A. No. 16-133-GMS |
| IP COMMUNICATION SOLUTIONS, LLC,<br><br>                Plaintiff,<br>v.<br><br>VIBER MEDIA (USA), INC.<br><br>                Defendant. | C.A. No. 16-134-GMS |

# JOINT STATUS REPORT

Pursuant to Rule 16, of the Federal Rules of Civil Procedure, D. Del. LR 16.2, and the Court's June 13, 2016 Order RE: Case Management in Civil Cases (*see e.g.*, Case No. 16-cv-227, Dkt. 9), the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on <u>Monday July 25, 2016</u>. Nelson Bumgardner, P.C. participated on behalf of plaintiff IP Communication Solutions, LLC ("Plaintiff"). Kirkland & Ellis LLP and Shaw Keller, LLP participated on behalf of defendant AT&T Services, Inc.; Tyz Marton Schumann, LLP and Potter Anderson & Corroon LLP participated on behalf of defendant Line2, Inc.; Arent Fox, LLP and Morris, Nichols, Arsht & Tunnell LLP participated on behalf of defendant TangoMe, Inc. d/b/a Tango; and Alston & Bird LLP and Morris, Nichols, Arsht & Tunnell LLP participated on behalf of defendant Viber Media (USA), Inc. (collectively "Defendants"). The parties have also met and conferred regarding a proposed scheduling order, attached as Exhibit 1.

The following list of topics were discussed during the meet and confer:

1. <u>JURISDICTION AND SERVICE</u>

The parties do not dispute that this Court has subject matter jurisdiction. All parties are subject to the court's jurisdiction for the purposes of this action. All parties have been served.

2. <u>SUBSTANCE OF THE ACTION(S)</u>

These actions include one operative count by Plaintiff: a count of patent infringement (including direct and indirect infringement), where Plaintiff alleges that Defendants have infringed and continue to infringe Plaintiff's United States Patent No. 9,247,071 (the '071 patent) relating to voice-over-IP ("VoIP") technology. *See e.g.*, Case No. 16-cv-277, Dkt. 1.

Defendants allege that the patent-in-suit is not infringed and is invalid, among other defenses. *See e.g.*, Case No. 16-cv-132, Dkt. 14, pp. 2-5.

3. <u>IDENTIFICATION OF ISSUES</u>

At this time, the parties believe that the issues in dispute will be typical for a patent case. As with most patent cases, the factual and legal issues genuinely in dispute include but are not limited to: (a) the construction of claim terms found in the '071 patent; (b) whether and to what extent the '071 patent is infringed by any of Defendants; (c) the validity of the '071 patent; (d) the patent eligibility of the claims of the '071 patent, (e) availability and/or applicability of defenses asserted by Defendants; and (f) whether any party is entitled to an award of attorneys' fees, costs, and/or expenses under 35 U.S.C. § 285.

4. <u>NARROWING OF ISSUES</u>

The parties to these actions will attempt to resolve as many issues as possible by agreement, thus minimizing the issues for presentation to the Court. Defendants identify at least Viber Media's Motion to Dismiss Plaintiff's Amended Complaint (*see* Case No. 16-cv-134, Dkt. No. 16) as presenting dispositive or partially dispositive issues appropriate for decision on motion.

5. <u>RELIEF</u>

The relief Plaintiff seeks from the Court includes but is not limited to: judgment that one or more claims of the '071 patent have been and continue to be infringed, either directly or indirectly by Defendant; judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities; judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities; pre-judgment and post-judgment interest; and an award of

other and further relief as the Court may deem just and proper under the circumstances. *See e.g.*, Case No. 16-cv-277, Dkt. No. 1, p. 4.

With respect to damages, Plaintiff asserts that it is entitled to an award of damages resulting from Defendants' infringement. Pursuant to 35 U.S.C. § 284, such damages must be "in no event less than a reasonable royalty for the use made of the invention by the infringer." Plaintiff's damages claim will be the subject of expert testimony. Plaintiff will make the required damages and expert disclosures according to the deadlines set forth in the Scheduling Order in this action. In addition, should discovery reveal facts which support a finding of willful infringement, Plaintiff will seek enhanced damages for such infringement and an award of attorneys' fees and expenses under 35 U.S.C. § 285.

Currently, Defendants seek at least the following relief: (i) dismissal of all claims against each Defendant with prejudice; (ii) denial of all of Plaintiff's claims and prayers for relief; (iii) an award of Defendants' costs and reasonable attorneys' fees to the extent permitted by law; and (iv) an award of such other and further relief as the Court deems just and proper.

6. <u>AMENDMENT OF PLEADINGS</u>

Plaintiff will file an amended pleading in Case No. 16-cv-227. In all other cases, Plaintiff does not currently intend to file an amended pleading. With the exception of Defendant Line2, no Defendant has filed an Answer to Plaintiff's Complaint or Amended Complaint. All Defendants reserve the right to amend their pleadings in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

7. <u>JOINDER OF PARTIES</u>

Presently the parties, subject to ongoing discovery, do not believe that any additional parties will need to be joined.

8. DISCOVERY

The parties currently contemplate taking fact and expert discovery, including written discovery, regarding the issues identified above and that may be shown to be relevant to those issues as the case progresses. The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, subject to the following additional limitations:

**i. Requests for Admission**

Each side of each case may serve 10 requests for admission. Thus, for example, the Defendant in No. 16-cv-227 may serve 10 requests for admission on the Plaintiff, and the Plaintiff may serve 10 requests for admission on the Defendant in No. 16-cv-227. Requests for admission relating to the authenticity of documents and/or public availability of prior art references shall not count toward the 10-request limit.

**ii. Interrogatories**

Each side (*i.e.,* Plaintiff and Defendants) may serve 10 common interrogatories on the other side. In each case, the Defendant may serve 8 additional interrogatories and the Plaintiff may serve 8 additional interrogatories. Thus, for example, the Defendant in No. 16-cv-227 may serve 8 additional interrogatories on the Plaintiff, and the Plaintiff may serve 8 additional interrogatories on the Defendant in No. 16-cv-227.

**iii. Depositions**

Each side of each case will receive a total of 40 hours to complete party depositions. Thus, for example, the Defendant in No. 16-cv-227 may take 40 hours to complete the depositions of the Plaintiff's party witnesses, and the Plaintiff may take 40 hours to complete the depositions of the Defendant's party witnesses in 16-cv-227. Depositions of non-party and

expert witnesses shall not count toward the 40-hour limit.  Defendants agree to try and jointly depose Plaintiff's party witnesses so that such witnesses are not subjected to multiple depositions on the same issues by each Defendant.  The parties agree to schedule depositions at times and locations mutually agreeable to the parties.

**iv. Privilege Log**

The parties agree that materials withheld from discovery on grounds of privilege, work product, or similar doctrines that were created or dated after March 4, 2016 are exempt from privilege log disclosure requirements.  All other documents withheld from discovery on grounds of privilege, work product, or similar doctrines must be logged.

**v. Schedule**   The parties have met and conferred and have agreed to the following proposed schedule for the Court's consideration:

| Event | Deadline |
|---|---|
| Protective Order | Within 10 days of the date of entry of the Scheduling Order |
| Rule 26(a) Initial Disclosures | Within 30 days of the date of entry of the Scheduling Order |
| Submission Of Proposed ESI Order | September 9, 2016 |
| Delaware Default Standard ¶ 3 Disclosures (disclosure of custodians and third party discovery) | To be addressed in proposed ESI order |
| Delaware Default Standard ¶ 4(a) Disclosure (identify accused products) | September 9, 2016 |
| Joinder Of Other Parties | September 15, 2016 |
| Delaware Default Standard ¶ 4(b) Disclosure (production of core technical docs related to accused products) | October 7, 2016 |
| Delaware Default Standard ¶ 4(c) Disclosure (infringement contentions) | October 21, 2016 |
| Delaware Default Standard ¶ 4(d) Disclosure (invalidity contentions) | December 13, 2016 |

| Exchange Proposed Terms For Construction | January 13, 2017 |
|---|---|
| Exchange Proposed Constructions | February 7, 2017 |
| Final Joint Claim Chart | February 21, 2017 |
| Document Production Substantially Complete | February 28, 2017 |
| Simultaneous Opening *Markman* Briefs | March 10, 2017 |
| Motions To Amend Pleadings | March 16, 2017 |
| Simultaneous Answering *Markman* Briefs | April 14, 2017 |
| *Markman* Hearing | May __, 2017 |
| Defendants to Inform Plaintiff as to Advice of Counsel Defense and Produce Any Opinions Relied on for Advice of Counsel Defense | July 11, 2017 |
| Close of Fact Discovery | August 1, 2017 |
| Opening Expert Reports | September 19, 2017 |
| Rebuttal Expert Reports | November 15, 2017 |
| Close Of Expert Discovery | December 20, 2017 |
| Letter Requests For Summary Judgment | January 23, 2018 |
| Answering Letter Brief Regarding Summary Judgment | February 2, 2018 |
| Reply Letter Brief Regarding Summary Judgment | February 8, 2018 |
| Pretrial Order | May 7, 2018 |
| Pretrial Conference | May __, 2018 |
| First Trial | June __, 2018 |

A Joint Proposed Scheduling Order is attached hereto as Exhibit A.

9. ESTIMATED TRIAL LENGTH

The parties agree that consolidated trial is not appropriate for any of the Defendants in 16-cv-227, 16-cv-132, 16-cv-133, and 16-cv-134, but currently estimate a trial length of 7 days for the first trial. The parties will attempt to reduce the length of the trial by use of stipulations to narrow and focus the issues in dispute and by use of summaries or statements or other

expedited means of presenting evidence. The parties believe that it is too early in the case to foresee what methods for reducing the length of trial may be useful and agreed upon, and whether and to what extent bifurcation is appropriate.

10. JURY TRIAL

A jury demand has been made for those claims for which there is a right to a jury.

11. SETTLEMENT

Plaintiff has engaged in settlement discussions with all Defendants except AT&T Services, Inc. The parties are willing to engage in good faith settlement discussions at any time. With respect to referral of these matters to a Magistrate for mediation or the use of another ADR mechanism, the Defendants do not consent to such a referral but are open to working with a private mediator.

12. OTHER MATTERS

The parties agree that a protective order is necessary to protect the confidential information that will be exchanged in connection with this action and will submit a proposed protective order for the Court's consideration. The parties shall also negotiate a proposed ESI Order in light of the provisions of the Court's "Default Standard For Discovery Including Discovery of Electronically Stored Information ("ESI")."

13. REQUIRED STATEMENT:

Counsel for Plaintiff and Defendants have conferred about each of the above matters.

Respectfully submitted,

| | |
|---|---|
| /s/ *Timothy Devlin* | /s/ *David E. Moore* |
| Timothy Devlin (No. 4241) | David E. Moore (No. 3983) |
| DEVLIN LAW FIRM LLC | Bindu A. Palapura (No. 5370) |
| 1220 N. Market Street, Suite 850 | Stephanie E. O'Byrne (No. 4446) |
| Wilmington, DE 19801 | POTTER ANDERSON & CORROON LLP |
| (302) 449-9010 | Hercules Plaza, 6th Floor |
| tdevlin@devlinlawfirm.com | 1313 N. Market Street |
| | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 984-6000 |
| Timothy E. Grochocinski | dmoore@potteranderson.com |
| Joseph P. Oldaker | bpalapura@potteranderson.com |
| NELSON BUMGARDNER, P.C. | sobyrne@potteranderson.com |
| 15020 S. Ravinia Ave., Suite 29 | |
| Orland Park, Illinois 60462 | OF COUNSEL: |
| (708) 675-1975 | |
| | Ryan Tyz |
| *Attorneys for Plaintiff IP Communication Solutions, LLC* | TYZ MARTON SCHUMANN LLP |
| | 28 2nd Street, 3rd Floor |
| | San Francisco, CA 94105 |
| | (415) 849-3578 |
| | |
| | *Attorneys for Defendant Line2, Inc.* |

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

OF COUNSEL:

Jeanne M. Heffernan, P.C.
Jared Barcenas
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(212) 446-4800

*Attorneys for Defendant AT&T Services, Inc.*

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Rodger D. Smith II* |
| Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com | Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com |
| OF COUNSEL:<br><br>Anthony W. Shaw<br>ARENT FOX LLP<br>1050 Connecticut Ave., NW<br>Washington, DC 20036<br>(202) 857-6000<br><br>*Attorneys for Defendant TangoMe, Inc. d/b/a Tango,* | OF COUNSEL:<br><br>Jamie D. Underwood<br>Scott J. Pivnick<br>ALSTON & BIRD LLP<br>The Atlantic Building<br>950 F Street NW<br>Washington, DC 20004<br>(202) 239-3300<br><br>Michael Connor<br>ALSTON & BIRD LLP<br>Bank of America Plaza, Suite 4000<br>101 South Tryon Street<br>Charlotte, NC 28280<br>(704) 444-1022<br><br>Derek Neilson<br>ALSTON & BIRD LLP<br>2828 N. Hardwood Street, Suite 1800<br>Dallas, TX 75201-2139<br>(214) 922-3400<br><br>*Attorneys for Defendant Viber Media (USA) Inc.* |

Dated: July 25, 2016